

**FILED**
DEC 2 8 2015
DAVID CREWS, CLERK
BY _____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**TRAVIS CURRY**                                                                                           **PLAINTIFF**

VS.                                                      CAUSE NO. 1:15CV218-GHD-DAS

**ITAWAMBA COUNTY, MISSISSIPPI**                                                       **DEFENDANT**

**JURY TRIAL DEMANDED**

---

### COMPLAINT

---

**COMES NOW,** Plaintiff Travis Curry, by and through counsel, and files his Complaint against Defendant Itawamba County, Mississippi pursuant to 42 U.S.C. § 1983 as follows:

### I. THE PARTIES

1. Plaintiff Travis Curry is an adult resident citizen of Itawamba County, Mississippi.

2. Defendant Itawamba County, Mississippi is a political subdivision of the State of Mississippi. It may be served with process by service upon its Chancery Clerk James E. Witt, 201 West Main Street, Fulton, Mississippi or the successor Chancery Clerk, Michelle Clouse, 201 West Main Street, Fulton, Mississippi.

3. Defendant Itawamba County, Mississippi is a political subdivision of the State of Mississippi and acted at all relevant times under color of State law.

## II. JURISDICTION AND VENUE

4. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and civil rights jurisdiction pursuant to 28 U.S.C. § 1343 for a cause of action arising under 42 U.S.C. § 1983.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since the Defendant is located within the United States District Court for the Northern District of Mississippi and the wrongful acts alleged in this action occurred within said District.

## III. FACTS

6. On or about February 19, 2013, Plaintiff's father-in-law, Elzie Rhodes, filed affidavits against Plaintiff accusing Plaintiff of the misdemeanor offenses of: 1) trespassing, 2) littering and 3) disturbing the peace.

7. The Justice Court of Itawamba County issued arrest warrants for Plaintiff's arrest on the criminal charges on February 20, 2013. The arrest warrants did not set bail on the charges.

8. On or about November 8, 2013, Plaintiff was arrested by the Itawamba County Sheriff's Department for the subject misdemeanors.

9. Plaintiff was not taken before any judicial officer after his arrest and no bail was set. Plaintiff was held in the Itawamba County Jail without bail.

10. Plaintiff was not brought to trial on the charges and the charges were not adjudicated. However, Plaintiff was informed that he had been fined $1,500 and he would have to pay the amount or "work the fines off" to obtain his release from jail.

11. Plaintiff was unable to pay the sum of $1,500 for the alleged "fines" for crimes for which he had not been found guilty. Plaintiff was placed on the inmate work program by the

Itawamba County Sheriff's Department to work off the alleged fines. Plaintiff was required to labor in the inmate work program for the non-existent fines.

12. Plaintiff continued to remain incarcerated by the Itawamba County Sheriff's Department for nineteen (19) days. During his incarceration, Plaintiff was required to work on the inmate work program. Plaintiff was finally released on November 26, 2013.

13. Plaintiff appeared before the Itawamba County Justice Court on December 10, 2013. All of the criminal charges against Plaintiff were retired to the files. Plaintiff was never convicted of any of the misdemeanor offenses for which he was incarcerated.

## IV. VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS

14. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 13.

15. Plaintiff was constitutionally entitled to reasonable bail to obtain his pre-trial release.

16. Plaintiff was held in jail for nineteen (19) days without bail. Plaintiff was required to serve a sentence for non-existent fines as to crimes for which he was never convicted.

17. Plaintiff's nineteen (19) day jail term constitutes a deprivation of his liberty without due process of law and an unconstitutional seizure of his person. Defendants' actions of incarcerating Plaintiff without bail constitute a violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

18. Further, Mississippi law requires that every person in custody shall be taken before a judicial officer within forty-eight (48) hours of arrest.

19. Mississippi law requiring an appearance before a judicial officer within forty-eight hours (48) of arrest creates a protected liberty interest of which Plaintiff could not be constitutionally deprived without due process.

20. Plaintiff was deprived of his right to bail and appearance before a judicial officer within forty-eight (48) hours without due process of law in violation of his rights under the Fourteenth Amendment.

21. Defendant is liable to Plaintiff for violation of the Fourth and Fourteenth Amendments.

## V. VIOLATION OF THIRTEENTH AMENDMENT

22. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 13.

23. The Thirteenth Amendment to the United States Constitution prohibits slavery and involuntary servitude except as punishment for a crime.

24. Plaintiff was forced to labor in the inmate work program by Itawamba County, Mississippi during his incarceration to make payments toward alleged fines as to crimes for which he was never convicted.

25. Plaintiff's forced labor as a pre-trial detainee to pay non-existent fines is violative of the Thirteenth Amendment prohibition against slavery.

26. Defendant is liable for violation of the Thirteenth Amendment.

## VI. ARREST AND DETENTION WITHOUT PROBABLE CAUSE DETERMINATION

27. Pursuant to *Gerstein v. Pugh*, 420 U.S. 103 (1975) and its progeny, Plaintiff was entitled to a "fair and reliable determination of probable cause as a condition of any significant pretrial restraint of liberty."

28. There was no fair or reliable determination of probable cause as to Plaintiff's arrest and detention.

29. Plaintiff's arrest and detention in the absence of a fair and reliable judicial determination of probable cause violated Plaintiff's Fourth Amendment rights.

## VII. CUSTOM OR POLICY OF ITAWAMBA COUNTY, MISSISSIPPI

30. Plaintiff was confined in the Itawamba County jail through official acts of Itawamba County, Mississippi. Plaintiff was deprived of his right to be brought before a judicial officer within forty (48) hours of arrest through official acts of Itawamba County, Mississippi.

31. The Sheriff of the Itawamba County Sheriff's Department is a policymaker of Itawamba County, Mississippi with respect to all law enforcement decisions made within Itawamba County.

32. Plaintiff was held in the Itawamba County Jail and deprived of any hearing before a judicial officer pursuant to actions of the Itawamba County Sheriff or his designees. Plaintiff was forced to labor in the Itawamba County Sheriff's Department's inmate work program pursuant to official policy of the Sheriff's Department. Accordingly, the unconstitutional acts constitute the official policy of Itawamba County, Mississippi.

33. Alternatively, the policymakers of Itawamba County, Mississippi were deliberately indifferent to the violation of Plaintiff's constitutional rights.

34. Alternatively, Plaintiff's unconstitutional confinement was pursuant to a tacit policy of Itawamba County, Mississippi.

35. Plaintiff's unconstitutional confinement was caused by an official policy or custom of Itawamba County, Mississippi.

## VIII. DAMAGES

36. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 35.

37. Plaintiff is entitled to recover the following compensatory damages against all Defendant:

    A. Damages for his wrongful imprisonment in the Itawamba County Jail;

    B. Past and future mental anguish and emotional distress;

    C. Loss of enjoyment of life; and

    D. Reasonable attorneys' fees.

## IX. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against Defendant for compensatory damages in an amount to be determined by a jury. Plaintiff requests that he be awarded his reasonable attorneys' fees and all costs of Court, together with post-judgment interest. Plaintiff further requests such other and more general relief to which he is entitled.

**RESPECTFULLY SUBMITTED**, this the 28th day of December, 2015.

                                        **MCLAUGHLIN LAW FIRM**

By: _____
      R. Shane McLaughlin (Miss. Bar No. 101185)
      Nicole H. McLaughlin (Miss. Bar No. 101186)
      P.O. Box 200
      Tupelo, Mississippi 38802
      Telephone: (662) 840-5042
      Facsimile: (662) 840-5043
      E-mail: rsm@mclaughlinlawfirm.com

      **ATTORNEYS FOR PLAINTIFF**