## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## ABERDEEN DIVISION

TRAVIS CURRY                      PLAINTIFF

vs.                      No:1:15-CV-218-GHD-DAS

ITAWAMBA COUNTY, MISSISSIPPI                      DEFENDANT

---

### ANSWER AND AFFIRMATIVE DEFENSES
---

COMES NOW, Defendant, Itawamba County, Mississippi by and through it's attorney of record, and answers the claims asserted against it in this action as follows:

### First Defense

The Complaint fails to state a claim upon which relief can be granted. Additionally any injury is de minimus or non-existent and such fails to meet the necessary criteria to state any cause of action.

### Second Defense

Defendant invokes all defenses available to it as set forth in Federal Rule of Civil Procedure 12(b)(1) through 12(b)(7) for which a good faith and legal and/or factual basis exists or may exist. Defendant also asserts good faith and the absence of malice.

### Third Defense

Defendant pleads any and all applicable avoidance and affirmative defenses including those contained in Federal Rule of Civil Procedure 8(c) including but not limited to contributory negligence or affirmative conduct of Plaintiff in connection with the events about which he complains, intervening cause, estoppel, fraud, illegality, assumption of risk, statute of limitations,

waiver, superseding causes, and this Defendant reserves all other defenses not specifically asserted in the affirmative herein. Defendant is entitled to and asserts the protection of qualified, absolute and sovereign immunity including the 11th Amendment as all actions taken by Itawamba County, Mississippi were functionally the actions of the State of Mississippi and there is no consent to suit in the Courts of the United States for the events subject of this suit. The actions or omissions complained of by Plaintiff are actions or omissions of state agencies or state actors and not of Itawamba County, Mississippi. Itawamba County, Mississippi asserts all rights, privileges, and immunities available to a governmental or state actor as well as those afforded by both federal and state constitutions, statutory law, and common law. The claims are also barred by *Heck v. Humphrey*, 512 U. S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383(1994).

**Fourth Defense**

Plaintiff is not entitled to any relief and no recovery may be had for the reasons contained in this answer as defendant has not violated any law. There can be no recovery for damages including any asked for in the Complaint for the reasons that all actions were in good faith and predicated upon reasonable and just grounds and same did not constitute any violation of law and even if true as stated in the Complaint do not rise to the level of an actual or constitutional tort as to Itawamba County, Mississippi. Defendant breached no duty as to Plaintiff and did not violate any right or privilege of Plaintiff.

**Fifth Defense**

Any detention of Plaintiff was pursuant to State action. See Exhibit 1 hereto at page 4 evidencing the conviction of Plaintiff on November 8, 2013 by Justice Court Judge Barry Davis who, as a matter of law, was a State actor. Judge Davis signed the order which states "the following named person was tried, convicted and sentenced to serve a term"... "as follows: Travis Bernard Curry." The term of sentence included working off fines imposed of $1,500.00

until paid in full. Plaintiff was arrested on warrants issued by a Justice Court Judge reflected on Exhibit 1 pages 1-3. Judge Barry Davis went to the jail where Plaintiff was detained on the date of his arrest of November 8, 2013 soon after the arrest. Exhibit 2 from the Itawamba County Sheriff's Office reflects Plaintiff arrested on judge issued arrest warrants at 6:49 p.m. on November 8, 2013 and booked into custody by the Itawamba Sheriff's Office at 7:00 p.m. on the same date. Judge Barry Davis, following his usual custom for Friday after business office hours arrests came to the jail and, on information, will testify he conducted the recorded adjudication on November 8, 2013 as reflected in the certified court record at Exhibit 1 page 4 signed by Judge Davis.  At a subsequent appearance before a Justice Court Judge on November 26, 2013 Travis Bernard Curry was released by Judge Harold Holcomb on a recognizance bond despite $480.00 of the fine not having been paid. See Exhibit 1 at pages 5 and 6.  Defendant is entitled to the defense of judicial immunity, quasi and/or derivative judicial immunity, and 11th Amendment immunity as all actions of any person on behalf of Itawamba County, Mississippi were taken at the direction of judicial officers of the State of Mississippi and Defendant does not consent to suit in the Court of the United States. The operative policy or policies or customs that form the predicate of Plaintiff's Complaint are actions, customs, or policies of the State and not of Itawamba County, Mississippi.

**Sixth Defense**

Plaintiff's alleged damages were not caused by any custom or policy of this Defendant and therefore there can be no county liability or liability associated with same under applicable federal law. See Exhibits 1 and 2 hereto which demonstrate that the actions complained of by Plaintiff were actions of and by a public entity other than Itawamba County, Mississippi. The

Judges have full immunity even as actors of the State of Mississippi. Exhibits 1 and 2 to the Answer support the absence of any county action, custom, policy, or inaction or omission of the Defendant in the substantive predicate of Plaintiff's Complaint.

**Seventh Defense**

Defendant asserts all available immunities, including but not limited to, good faith immunity, public officials immunity, qualified immunity, absolute immunity, judicial immunity, Eleventh Amendment Immunity, derivative judicial immunity, quasi-judicial immunity, and discretionary immunity.

**Eighth Defense**

The matters set forth in the Complaint do not rise to the level of a constitutional violation and so are improperly before this Court. Defendant committed no act or omission which caused any injury, damage, or deprivation to Plaintiff. Plaintiff seeks to hold Itawamba County, Mississippi as a local body politic liable for the judicial decisions of judges. That is contrary to the law. No custom or policy of Itawamba County, Mississippi is involved in any alleged deprivation or injury of Plaintiff. As a matter of law Plaintiff is not entitled to any relief from Defendant.

**Ninth Defense: Answer**

Defendant responds to the respective paragraphs of the Complaint as follows:

The allegations of the initial and unnumbered introductory paragraph are denied. There is no Constitutional tort.

1.  The allegations of paragraph No. 1 as to the residency of Plaintiff are not known as accurate.

2.  The allegations set forth in paragraph No. 2 as to service of process and political subdivision are admitted. All actions of Itawamba County in the alleged events of the Complaint

were in performance of events arising out of the State of Mississippi. The policies Plaintiff complains of were not county policies or, if a county policy, is a policy not related to any actual cause of action. See for example Plaintiff's claim that the involved event was execution by a Itawamba County Deputy Sheriff of an arrest warrant issued by a Judge for the arrest of Plaintiff. That states no cause of action.

       3.       The allegations of paragraph No. 3 are admitted as to political subdivision status. Defendant denies any cause of action exists. Venue is admitted but jurisdiction is disputed based on the 11th Amendment of the United States as all actions taken by Itawamba County, Mississippi were taken pursuant to arrest warrants issued by a Judge or an adjudication of guilt of Plaintiff by a Judge by written Court order issued by the State of Mississippi through Justice Court Judges. Defendant, having acted as required by the State, does not consent to suit.

       4.       The allegations of paragraph No. 4 are generally denied except Answer Exhibit 1 evidences that and Defendant admits that Plaintiff was arrested by an Itawamba County Deputy Sheriff due to arrest warrants being issued by a Judge. See arrest warrants at Exhibit 1 pages 1,2, and 3 hereto dated February 20, 2013 executed on November 8, 2013.

       5.       The allegations of paragraph No. 5 are denied as there is an absence of jurisdiction. Venue is otherwise proper.

       6.       The allegations of paragraph No. 6 are denied except is it believed upon information from the involved records of the involved Justice Court that the warrants issued by the Judge found at Answer Exhibit 1 pages 1,2, and 3 may have been issued on affidavits of an individual named Elzie Rhodes. The charges in the arrest warrants match the allegations of paragraph 6.

7. The allegations of paragraph No. 7 are admitted as to the arrest warrants. Arrest warrants do not set bail. It is documented by certified record from the involved Justice Court that Plaintiff was adjudicated guilty of the charges within a few hours of his arrest and so no bail was needed to be set as Plaintiff began serving a sentence for his conviction and was no longer a pre-trial detainee.

8. The allegations of paragraph No. 8 are admitted based on Answer Exhibit 1 pages 1,2, and 3.

9. The allegations of paragraph No. 9 are denied as stated. The presiding Judge came to the jail to see Plaintiff. Plaintiff was adjudicated guilty of the charges on which he was arrested within a few hours of the arrest. Bail is not proper post conviction relief.

10. The allegations of paragraph No. 10 are denied. See Exhibit 1 hereto at page 4 where Judge Barry Davis found Plaintiff guilty and imposed a term for said conviction.

11. The allegations of paragraph No. 11 are denied. Plaintiff was allowed to work off some of the fine imposed on him as ordered by Judge Barry Davis until the Justice Court Judge ordered his release despite the fines not being paid in full.

12. The allegations of paragraph No. 12 are denied. Plaintiff was incarcerated as shown by Exhibit 2 from military time 1900 or 7:00 pm on his arrest and conviction date of November 8, 2013 until released on a recognizance bond by a Judge on November 26, 2013 at 14:10 military time. Plaintiff worked some of the fines off during his incarceration. See record of same at Exhibit 1 page 5.

13. Plaintiff appeared before a Justice Court Judge and was released on his own recognizance bond. The conviction of November 8, 2013 was not appealed and the time for same has expired. Plaintiff may have tried to change his plea at the December 10, 2013 hearing but same was not allowable post conviction relief. The remainder of paragraph 13 is denied.

14. All allegations not expressly admitted are denied.

15. Denied. Plaintiff was adjudicated guilty of the charges the same day as his arrest.

16. Denied. Plaintiff was convicted on November 8, 2013.

17. Denied.

18. Denied as stated. This issue relates to persons arrested without a warrant and the time for an initial probable cause hearing which hearing was afforded to Plaintiff when the Justice Court Judge issued warrants supported by citizen affidavits. See Exhibit 1 pp. 1, 2, and 3.

19. Denied as stated. This issue relates to persons arrested without a warrant and the time for an initial probable cause hearing which hearing was afforded to Plaintiff when the Justice Court Judge issued warrants supported by citizen affidavits. See Exhibit 1 pp. 1, 2, and 3.

20. Denied as stated. This issue relates to persons arrested without a warrant and the time for an initial probable cause hearing which hearing was afforded to Plaintiff when the Justice Court Judge issued warrants supported by citizen affidavits. See Exhibit 1 pp. 1, 2, and 3.

21. Denied as stated. This issue relates to persons arrested without a warrant and the time for an initial probable cause hearing which hearing was afforded to Plaintiff when the Justice Court Judge issued warrants supported by citizen affidavits. See Exhibit 1 pp. 1, 2, and 3.

22. All allegations not expressly admitted are denied.

23. Admitted as to slavery and as slavery has been defined by the United States Supreme Court. Thirteenth Amendment rights and all citizens are subject to the judicial process such as subject case wherein Plaintiff was found guilty of crimes by a presiding Judge and sentenced. The remaining allegations are denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied. *Gerstein v. Pugh*, 420 U.S. 103(1975) and its progeny apply explicitly only to arrests without any warrant. Plaintiff's arrest was pursuant to multiple citizen generated and Judge issued arrest warrants. Plaintiff even alleges his arrest was pursuant to warrants. See Complaint at paragraphs 6,7, and 8. *Gerstein v. Pugh* and its progeny do not now nor have same ever stood for having a hearing after an initial probable cause hearing has been conducted as evidenced by the issuance of arrest warrants. *Gerstein v. Pugh* and its progeny have only applied to arrests without warrants. Plaintiff should be acutely aware of the requirement that any *Gerstein v. Pugh* arrest or violation must be on a warrantless arrest. Plaintiff's allegations under *Gerstein v. Pugh* are not even a good faith attempt to create new law. See *Jones v. Lowndes County, Miss.*, No. 1:09-cv-87-SA-JAD, 2010 WL 4643242, at *4 (N.D. Miss. Nov. 9, 2010) and as recently cited in *Cartwright v. Dallas County Sheriff Office, et al*, 2015 WL 9582905, *3 (N.D. Tex. November 9, 2015). *Jones* at *4 provides that "The Fourth Amendment's promptness requirement-as it was developed in *Gerstein v. Pugh* , 420 U.S. 103 (1975) and *McLaughlin-* concerns the length of detention after a warrantless arrest before a determination of probable cause by a neutral magistrate. *Gerstein* and its progeny do not require that criminal defendants be arraigned or make an initial appearance within forty-eight hours of arrest. Rather, they require that those detained pursuant to a warrantless arrest receive a prompt determination of probable cause." In accord see *Jones* on appeal at *Jones v. Lowndes County, Miss*, affirmed at 678 F. 3d 344 (5th Cir. 2012).

28. Denied.

29. Denied.

30. Denied. See *Jones v. Lowndes County, Miss.*, No. 1:09-cv-87-SA-JAD, 2010 WL 4643242, at *4 (N.D. Miss. Nov. 9, 2010) and as recently cited in *Cartwright v. Dallas County Sheriff Office, et al*, 2015 WL 9582905, *3 (N.D. Tex. November 9, 2015). *Jones* at *4 provides

that "The Fourth Amendment's promptness requirement-as it was developed in *Gerstein v. Pugh*, 420 U.S. 103 (1975) and *McLaughlin*-concerns the length of detention after a warrantless arrest before a determination of probable cause by a neutral magistrate. *Gerstein* and its progeny do not require that criminal defendants be arraigned or make an initial appearance within forty-eight hours of arrest. Rather, they require that those detained pursuant to a warrantless arrest receive a prompt determination of probable cause." In accord see *Jones* on appeal at *Jones v. Lowndes County, Miss*, affirmed at 678 F. 3d 344 (5th Cir. 2012).

31. Denied for all decisions and all actions or omissions relative to this lawsuit.

32. Denied. All actions were directed by State actor Judges who are immune as is the State. All previous immunities and defenses apply.

33. Denied.

34. Denied.

35. Denied.

36. All allegations not expressly admitted are denied.

37. Denied including but not limited to subparagraphs A, B, C, and D.

38. All remaining allegations of the Complaint including the prayer for relief are denied. Itawamba County, Mississippi asserts it is entitled to reasonable attorneys' fees as the prevailing party in this action and pursuant to 42 U.S.C. § 1988 as every single claim is groundless, unreasonable, or otherwise unsupported even as a good faith allegation plus the asserted claim or claims are clearly contrary to law.

Respectfully submitted, this the 17th day of February, 2016.

    /s/ *Katherine S. Kerby*
KATHERINE S. KERBY, MSB # 3584
for Defendant Itawamba County, Mississippi,

OF COUNSEL
KERBY LAW FIRM, LLC
Mailing Address: Post Office Box 551
Columbus, MS 39703
Street Address: 722 College Street
Columbus, Mississippi 39701
Phone: (662) 889-3733
FAX # 662-328-8247
email: ksearcyk@bellsouth.net

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed Defendant's Answer and Affirmative Defenses with the Clerk of the Court using the ECF system which sent notification of such filing to Counsel of record for Plaintiff at the address he and she registered with the Court's ECF system including:

    R. Shane McLaughlin, Esq. at rsm@mclaughlinlawfirm.com

    Nicole H. McLaughlin, Esq. at nhm@mclaughlinlawfirm.com

SO CERTIFIED, this the 17th day of February, 2016.

        / s/ *Katherine S. Kerby*

        KATHERINE S. KERBY